IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE TODD,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD GARDEN et al.,<br><br>        Defendants. | **ORDER**<br><br><br>Case No. 2:14-CV-453-DN<br><br>District Judge David Nuffer |

The Court now rules on motions Plaintiff has filed in this case.

The Court first evaluates Plaintiff's motions for preliminary injunctive relief.

Specifically, he requests that he be prescribed certain medications.

However, Plaintiff has not specified adequate facts showing each of the four elements

necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2)
> irreparable harm in the absence of the injunction; (3) proof that the
> threatened harm outweighs any damage the injunction may cause
> to the party opposing it; and (4) that the injunction, if issued, will
> not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v.*

*Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only

when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The

Court has carefully reviewed Plaintiff's pleadings and motions for injunctive relief and concludes

Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted.

In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction. He appears to be seeking the same relief as he requests in his Complaint and merely trying to expedite that relief.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motions for preliminary injunction and temporary restraining order are DENIED. (*See* Docket Entry #s 25 & 32.)

(2) Plaintiff's second motion for appointed counsel, (*see* Docket Entry # 28), is DENIED for the same reasons stated in a previous order in this case denying appointment of voluntary *pro bono* counsel, (*see* Docket Entry # 5). The Clerk of Court shall take note that no further motions for appointed counsel will be accepted by the Court.

(3) Plaintiff's motion for *in rem* action against Defendant Jackman is DENIED as irrelevant. (*See* Docket Entry # 22.)

(4) Plaintiff's motions that Defendants be directed to answer the Complaint and for default judgment against Defendants are DENIED. (See Docket Entry #s 30 & 33.) Defendants' Motion to Dismiss is a proper filing in response to being served with the Complaint. No answer is required when a motion to dismiss is filed.

(5) Plaintiff's motion for free copies of documents from the docket is DENIED. (*See* Docket Entry # 37.) This appears to be based on Plaintiff's wish to show that Defendants have not properly responded to the Complaint, which they have.

(6) Within fourteen days, Defendants shall file with the Court a proposed order--*with analysis and conclusions*--based on their motion to dismiss. (*See* Docket Entry # 23.) The proposed order shall be prepared in Times New Roman font and otherwise

comply with Court rules.  Respondent shall file the proposed order in the EM/ECF system using the Notice of Filing event and submit the proposed order in word processing format to:  utdecf_prisonerlitigationunit@utd.uscourts.gov .

(7) Plaintiff shall respond to the Proposed Order within fourteen days of filing of the proposed order.

DATED this 29th day of July, 2016.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court